**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:22-mj-00557-BNW |
| Plaintiff, | |
| v. | ORDER |
| Sharett Annette Yazzie, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss Count Three of her Indictment. ECF No. 22. Defendant argues that Count Three should be dismissed because the regulation which she allegedly violated, 36 C.F.R. § 1.5(f), was created through an unconstitutional delegation of legislative power, 54 U.S.C. § 100101(a). *Id.* The Government opposed, and Defendant replied. ECF Nos. 29, 31. The Court finds that 54 U.S.C. § 100101(a) is not an unconstitutional delegation power. As a result, Defendant's motion is denied.

**I.      Analysis**

The Constitution states that "all legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const., Art. I, § 1. This nondelegation doctrine has been interpreted to mean that "Congress generally cannot delegate its legislative power to another Branch." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). However, the Supreme Court has recognized that Congress cannot perform its job without "an ability to delegate power under

broad general directives." *Id.* If Congress defines an intelligible principle within the statute, "such legislative action is not a forbidden delegation of legislative power." *Id.*

The first step in deciding whether a statute violates the nondelegation doctrine is to interpret the meaning of the statute. *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). Once a court has defined the statute's meaning, it can then decide "whether the law sufficiently guides executive discretion." *Id.* If Congress creates a statute which delegates power *and* sets forth guiding principles for the use of that power, it does not violate the nondelegation doctrine. *Mistretta*, 488 U.S., at 372. In determining the meaning of a statute, a court may consider "the text, alongside its context, purpose, and history." *Gundy*, 139 S. Ct., at 2123. The Court in *Gundy* notes that, at times, interpretation of the statute alone may answer the question of constitutionality as well. *Id.*

Here, Defendant argues that 54 U.S.C. § 100101(a) is an unconstitutional delegation of legislative power. ECF No. 22. This statute allowed for the creation of 36 C.F.R. § 1.5(f), which Defendant is charged with violating. *Id.* The text of 54 U.S.C. § 100101(a) provides:

> **(a) In general.** The Secretary, acting through the Director of the National Park Service, shall promote and regulate the use of the National Park System by means and measures that conform to the fundamental purpose of the System units, which purpose is to conserve the scenery, natural and historic objects, and wild life in the System units and to provide for the enjoyment of the scenery, natural and historic objects, and wild life in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.

The Court must first interpret the meaning of this statute and then subsequently decide whether it contains an intelligible principle.

**A. The meaning of 54 U.S.C. § 100101(a) is for the Secretary of the Interior to create regulations which conserve the National Park System.**

Courts have previously interpreted statutes like 54 U.S.C. § 100101(a) and determined that these statutes were constitutional delegations of power. *Nat'l Rifle Asso. v. Potter*, 628 F.

Supp. 903, 905 (1986). In *Nat'l Rifle Asso.*, the statute at issue was 16 U.S.C. § 3. *Id.* That statute provided, in part, power to the Secretary to "make and publish such rules and regulations as he may deem necessary and proper for the use and management of the parks." *Id.* The Secretary used his authority under 16 U.S.C. § 3 to ban hunting and trapping in park areas where that activity was previously unrestricted. *Id.* That statute was also part of a larger series of statutes constituting the "Organic Act." *Id.* After considering the legislative history and other context surrounding the Act, the Court's interpretation was that the Secretary was within his discretion to prohibit hunting and trapping within the National Park System. *Id.* at 912. Though *Nat'l Rifle Asso.* focuses primarily on whether the Secretary was within his discretion to create these regulations, the analysis of the statute's meaning and purpose is still relevant to the issue at hand.

Here, 54 U.S.C. § 100101(a) similarly authorizes the Secretary of the Interior to "promote and regulate the use of the National Park System by means and measures that conform to the fundamental purpose of the System units." The statute then goes on to state that the fundamental purpose is to "conserve the scenery, natural and historic objects, and wildlife" within national parks, and to allow for the enjoyment of those things for future generations. *Id.* It would appear, then, that the meaning of the statute is straightforward: the Secretary is allowed to create regulations which preserve the state of the National Park System so as to ensure that preservation for years to come.

This interpretation supports the ability of the Secretary to promulgate 36 C.F.R. § 1.5(f), which Defendant was charged with violating. Here, as in *Nat'l Rifle Asso.*, the Secretary was within his discretion when he put forth a regulation which made it a crime to violate a closure. This regulation limits public access to certain areas, which ultimately works toward the statute's stated purpose of conserving the scenery, natural and historic objects, and wildlife of the park.

**B. 54 U.S.C. § 100101(a) restricts the power delegated to the Secretary so that it may only be used for a specific purpose.**

After determining the meaning of a statute, a court may then decide whether the delegation of power within it is permissible. *Gundy*, 139 S. Ct., at 2123. Here, the Secretary was permitted to create regulations which defined the use of the National Park System—so long as those regulations furthered the overall purpose of the system. 54 U.S.C. § 100101(a). The statute defines that purpose as conserving national parks for future enjoyment. By limiting the Secretary's delegated power to the purpose of conserving the National Park System, Congress has sufficiently defined an intelligible principle within its statute. Therefore, 54 U.S.C. § 100101(a) is not an unconstitutional delegation of legislative power.

Defendant argues that this statute provides no guidance for the use of legislative power and "is so broad it fails to cabin the NPS in any meaningful way." ECF No. 22. Defendant points to *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935) and *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935) as similar examples of statutes which provided no intelligible principle. *Id.* However, since these decisions, the Supreme Court has liberally construed the standard for an intelligible principle and never again found a violation of the nondelegation doctrine.

As the Government succinctly notes in its response:

> For example, the Supreme Court has upheld the delegation of broad conferrals of authority to regulate "in the public interest," *National Broadcasting Co. v. United States*, 319 U.S. 190 (1943), to set "fair and equitable prices," *Yakus v. United States*, 321 U.S. 422 (1944), to set "just and reasonable rates," *FPC v. Hope Natural Gas Co.*, 320 U.S. 591 (1944), and to issue air quality standards that are "requisite to protect the public health." *Whitman v. American Trucking Association*, 531 U.S. 457 (2001); *see also Mistretta*, 488 U.S. at 374-77 (upholding delegation to the Sentencing Commission to promulgate then-binding Sentencing Guidelines establishing the permissible sentences for federal crimes); *Touby*, 500 U.S. at 165-67 (upholding delegation to the Attorney General to designate controlled substances on a temporary basis, resulting in criminal penalties for unauthorized manufacture, possession, or distribution of such substances).

ECF No. 29.

In other words, common law has evolved to allow for broad Congressional delegations of legislative power to administrative agencies—so long as there is *some* feasible guideline which restricts that power. Defendant's motion relies heavily on *Jarkesy*, a Fifth Circuit opinion which found that Congress violated the nondelegation doctrine when it granted "exclusive authority and absolute discretion" to the Securities and Exchange Commission. *Jarkesy v. SEC*, 34 F.4th 446, 462 (5th Cir. 2022). However, Defendant's comparison of the power delegated to the SEC in *Jarkesy* and the power delegated here is not a fair one. As *Jarkesy* notes, "a *total absence* of guidance is impermissible under the Constitution." *Id.* (emphasis added). On the other hand, 54 U.S.C. § 100101(a) does provide some guidance for the use of the delegated power—the power must be used to further the purpose of the National Park System. Therefore, the statute here is not an unconstitutional delegation of legislative power and Count Three of Defendant's indictment should not be dismissed on those grounds.

**II.     Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 22) is **DENIED**.

DATED: August 1, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE